United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARRIE JOHNS,

    Plaintiff,

v.

WALTER NG, individually and as Plan fiduciary; BARNEY NG, individually and as Plan fiduciary; KELLY NG, individually and as Plan fiduciary; BRUCE HORWITZ, M.D., individually and as Plan fiduciary; BAR-K, INC., a California corporation; LEND, INC., a California corporation; BAR-K 401K PLAN,

    Defendants.

No. C 12-02456 WHA

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING**

**INTRODUCTION**

In this ERISA action, defendants move to dismiss pursuant to Rule 12(b)(6). For the reasons stated below, the motion is **DENIED**. The hearing scheduled for October 4, 2012, is **VACATED**.

**STATEMENT**

Plaintiff Carrie Johns was employed by Bar-K, Inc. as a human resources manager. In 2000, plaintiff became the trustee of the Bar-K 401K plan. Plaintiff alleges that on August 2009, she learned through a federal Department of Labor investigation that defendants Walter Ng, Barney Ng, Kelly Ng and Bruce Horwitz, the alleged owners, officers and shareholders of Bar-K, had "invested or loaned improperly during the period 2002–2008 into

two mortgage pools, denominated RELoans LLC, and Mortgage Fund 08" without plaintiff's knowledge or consent. The mortgage funds failed and substantially depleted plan assets. Plaintiff alleges that defendants breached their fiduciary duties by executing and maintaining these mortgage pool investments or loans (Compl. ¶¶ 10–13).

Moreover, plaintiff alleges she was retaliated against for cooperating with the DOL investigation. She asserts that defendants "attempted to assault" her, denied her counsel in her capacity as the directed trustee of the plan, and withheld salary payments and payments on investments made by plaintiff personally in entities controlled by defendants. Plaintiff further alleges that when she requested these payments the Ngs insisted that these payments "would only be paid if she executed a Release that exonerated Defendants from any claims she may have, including claims for her Plan benefits." Plaintiff refused to sign a release and was terminated from her employment (Compl. ¶¶ 14–16). She states three claims for relief to redress the alleged retaliation: (1) interference with ERISA rights; (2) breach of the covenant of good faith and fair dealing; and (3) wrongful termination in violation of public policy.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Parks Sch. Of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). A complaint needs to be plausible, meaning that "the plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

### 1. CLAIM ONE: BREACH OF FIDUCIARY DUTY

ERISA Section 502(a)(2) provides that a civil action may be brought by a participant, beneficiary or fiduciary for appropriate relief for a breach of fiduciary duty. Section 409 provides:

> [a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . . .

Fiduciaries can either be named in the ERISA plan or unnamed and defined by the Act. "ERISA defines fiduciary not in terms of formal trusteeship, but in functional terms of control and authority over the plan, thus expanding the universe of persons subject to fiduciary duties — and to damages — under Section 409." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993). Additionally, Section 1002(21)(A) provides that a person is a fiduciary with respect to a plan to the extent he exercises any discretionary authority or discretionary control respecting management or disposition of its asserts or he has any discretionary authority or discretionary responsibility in the administration of such plan.

If defendants were a fiduciary, as defined in Section 1002(21)(A), and if defendants breached their fiduciary duty, then they would be required to make good any loss resulting from their breach. *IT Corp. v. General American Life Ins. Co.*, 107 F.3d 1415, 1420 (9th Cir. 1997).

Defendants contend that plaintiff is the only fiduciary named in the plan because she is both the trustee and investment fiduciary. Plaintiff alleges that defendants are unnamed fiduciaries as defined by Section 1002(21)(A) (Compl. ¶ 18). To support this contention, the complaint alleges the following:

> Defendants, and each of them, directed Plan assets and participant contributions as loans or investments into certain mortgage pools that they controlled, and from which they and Bar-K profited, without obtaining the consent of Plan participants or of Plaintiff as Plan Trustee . . . [and] caused the Plan and its participants, including Plaintiff, to suffer sever losses during the collapse of the real estate market in the period 2006 to date, and failed to correct such investments and loans, despite being advised that such investments and loans were imprudent, not diversified, and

3

>constituted self-dealing in violation of the prohibited transaction provisions of ERISA.

(Compl. ¶ 20). Plaintiff's allegation that defendants executed and controlled the investments is sufficient to plead that they are ERISA fiduciaries. Plaintiff has also sufficiently pled that defendants breached their fiduciary duties through the conduct described above.

Defendants contend that plaintiff is an improper champion to bring this action on behalf of other plan participants because of her "apparent failure to realize how the Plan was investing certain of its assets" and other participants may want to hold her personally liable for their losses (Br. 6). This argument fails because plaintiff alleges that it was the defendants who made the improper investments. Her attempt to exercise her duties as trustee to correct the alleged breach by defendants is not, by itself, a conflict of interest. Plaintiff's status as a plan participant aligns her interests with the other plan participants. Accordingly, plaintiff may bring this action on behalf of the other plan participants and has pled sufficient facts to state a claim for breach of fiduciary duty under ERISA.

If and when it develops that her own stewardship becomes a serious issue, a motion may be brought to address the problem. Now, at the pleading stage, the problem is only theoretical. Accordingly, defendants' motion to dismiss claim one is **DENIED**.

### 2. CLAIM TWO: CLAIM FOR BENEFITS.

Plaintiff does not cite any section of ERISA in her second claim and instead refers to it as a "Claim for Benefits." This order assumes that she brings her second claim under Section 502(a)(1)(B) for individual benefits because she pled the required exhaustion of internal remedies and seeks a declaration that she is entitled to accrued vested benefits since she was terminated. Section 502(a)(1)(B) "allows an ERISA plan participant or beneficiary to bring an action in district court 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" Our court of appeals has held that "before bringing suit under § 502, an ERISA plaintiff claiming a denial of benefits 'must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court.'" Exhaustion is not required when it is futile or

4

the remedy is inadequate. *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995).

Plaintiff alleges that she is:

> now entitled under the terms of the Plan to receive a vested pension benefit from the Plan in the approximate amount of $400,000.00, together with contributions, interest and earnings thereon. Defendants, and each of them, have failed and refused to pay interest or earnings on Plaintiff's behalf to the Plan, or to acknowledge that Plaintiff is entitled to such vested benefits upon retirement or separation from employment . . . Plaintiff has exhausted all her internal remedies under the Plan, or is otherwise excused from doing so because such remedies are futile.

(Compl. ¶¶ 24–26). To the extent that plaintiff seeks the individual benefits that were denied to her after she was terminated, she has stated a proper claim. This order finds that exhaustion of internal remedies was futile because defendants allegedly tried to extort a waiver of her claim to benefits and otherwise discriminated against her for cooperating with the DOL investigation. If these allegations are taken to be true, it is clear that the internal remedies would have been futile. This is subject to proof at trial or on summary judgment. Accordingly, defendants' motion to dismiss claim two is **DENIED**.

### 3. CLAIM THREE: INTERFERENCE WITH ERISA RIGHTS.

Section 510 of ERISA provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . It shall be unlawful for any person to discharge, fine, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter . . . The provisions of Section 1132 of this title shall be applicable in the enforcement of this section.

Plaintiff alleges defendants discharged, disciplined and discriminated "against [] [her] for exercising her rights to receive salary, contributions and pension benefits under the above Plan, and for the purpose of interfering with Plaintiff's enjoyment of her rights to such benefits." Plaintiff further alleges that defendants "took steps to retaliate against Plaintiff for cooperating with the DOL investigation by withholding salary payments, payments owed to Plaintiff from other entities Defendants controlled, and payments on investments made by Plaintiff personally

5

in entities controlled by Defendants" (Compl. ¶¶ 15, 37). Accepting the allegations as true, there are sufficient facts pled to state a claim for interference with ERISA rights.

Defendants contend that plaintiff does not plead specific facts regarding each individual defendants role in interfering with her rights and instead lumps them all together. Plaintiff, however, alleges that defendants are all "an owner, officer and shareholder of Defendant Bar-K, and a fiduciary of the Defendant Plan." Plaintiff also alleges that Bar-K is an employer, plan sponsor and administrator and Lend continues to maintain the plan and its participants (Compl. ¶¶ 4–8). At this stage, plaintiff has pled sufficient facts that plausibly links defendants to this claim through their roles alleged above.

Defendants also contend that plaintiff improperly seeks monetary relief for this claim, which is precluded under Section 502(a)(3) because relief must be equitable in nature. Plaintiff alleges she is "entitled to recover all pension benefits to which she would have been entitled under said Plan, as well as earnings and other benefits of employment" (Compl. ¶ 38). It is undisputable, however, that plaintiff has alleged certain damages that are equitable. For example, plaintiff seeks an order enjoining defendants from interfering with plaintiff's rights to pension benefits and reinstatement for being improperly terminated, which are both equitable remedies (Compl. 9). As a result, this order need not determine whether *all* requested damages are equitable and declines to do so at this time. Plaintiff's claim under Section 510 is sufficiently pled. Accordingly, defendants' motion to dismiss claim three is **DENIED.**

**4.  CLAIMS FOUR AND FIVE: STATE-LAW EMPLOYMENT CLAIMS.**

Plaintiff alleges that defendants breached the covenant of good faith and fair dealing and wrongfully terminated plaintiff in violation of public policy. Defendants contend that plaintiff cannot assert her state-law employment claims against Kelly Ng, Lend and the plan because they are not her employers and had no contractual relationship with her. Plaintiff, however, alleges that "Plaintiff JOHNS and *Defendants* entered into an employment contract during the term of Plaintiff's employment" (Compl. ¶ 40)(emphasis added). The facts are not clear enough to conclude that defendants Kelly Ng and Lend are not employers. This is especially true given Kelly Ng's alleged role as owner, officer and shareholder of Bar-K and Lend's alleged status of

6

the successor and/or alter ego of Bar-K. The allegations must be accepted as true. This order, however, finds that plaintiff did not include the plan as a defendant with regard to the state-law employment claims.

Defendants also contend that plaintiff's state-law claims for breach of the covenant of good faith and fair dealing and wrongful termination in violation of public policy are preempted by Section 514(a) of ERISA. This order finds that the facts are too unclear to support a preemption challenge at this stage in the litigation. It is better to assess the preemption challenge when the facts are more clearly known. Defendants may reassert this argument at summary judgment. Accordingly, the preemption challenge is **DENIED WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons mentioned above, the motion to dismiss is **DENIED**. The hearing set for October 4, 2012, is **VACATED**. The answer is due by **OCTOBER 18, 2012**.

**IT IS SO ORDERED.**

Dated: September 28, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7